**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERVIDEO DIGITAL TECHNOLOGY CORPORATION,<br><br>        Plaintiff and Counter-<br>        defendant,<br><br>     v.<br><br>DELL, INC.,<br><br>        Defendant and Counter-<br>        claimant.<br>_____/ | No. C 05-3317 CW<br><br>ORDER GRANTING DEFENDANT's MOTION TO STAY PENDING RE-EXAMINATION |

Defendant and Counter-claimant Dell, Inc. has filed a motion to stay this action until the conclusion of the re-examination of United States Patent No. 6,765,788 (the '788 patent), which is currently proceeding in the U.S. Patent and Trademark Office. Plaintiff and Counter-defendant InterVideo Digital Technology Corp. opposes this motion. Having considered all of the papers filed by the parties, the Court grants Defendant's motion to stay this action.

BACKGROUND

The '788 patent issued on July 20, 2004; it consists of ten claims. Approximately four months after it issued, a third party requestor, not a party to this suit, requested that the Patent Office re-examine the '788 patent. On February 9, 2005, the Patent Office granted the re-examination request. In its order, the Patent Office stated that all ten claims will be re-examined, noting that several items of prior art, not considered by the Patent Office during the original prosecution, raise substantial new questions of patentability as to all ten claims.

On August 15, 2005, half a year after the initiation of the re-examination proceedings, Plaintiff filed this lawsuit alleging that Defendant infringed the '788 patent. Defendant filed an answer to the complaint and filed counterclaims alleging invalidity of the patent under 35 U.S.C. §§ 102, 103 and 112.

On November 15, 2005, Defendant filed this motion to stay pending the re-examination. At the end of November, 2005, the Patent Office issued an Office Action; the summary of the action noted that claims one to ten are rejected. The Detailed Action explained that claims one to ten were rejected under 35 U.S.C. § 102(b) as being anticipated by "Lindy Multimedia User Manual Hotkey Driver Installation, First Addition"; claims one, six and ten were rejected under 35 U.S.C. § 102(b) as being anticipated by U.S. Patent No. 5,613,135 to Sakai; and claims two through five and seven through nine were rejected under 35 U.S.C. § 103 as being obvious in view of the combination of the Lindy reference and the Sakai patent.

2

On December 6, 2005, Plaintiff filed a complaint with the International Trade Commission (ITC) seeking an investigation pursuant to section 337 of the Tariff Act of 1930, as amended 19 U.S.C. § 1337, naming Dell and others as respondents and alleged infringers of the '778 patent. The ITC investigation has begun.

On December 20, 2005, a patent examiner interviewed Plaintiff's representatives regarding the '788 patent. The Reexamination Interview Summary states that an agreement with respect to the claims was not reached:

> The Patent Owner's representative discussed the invention and argued how the customizable bios and the electronic device mode allegedly distinguish the claims over the prior art of record. The Examiner indicated that additional limitations would be constructive in distinguishing the claims over prior art and that any new limitations would require further search and consideration.

There has been no discovery.

## DISCUSSION

As the Federal Circuit has noted, "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). While courts are not required to stay judicial proceedings pending re-examination of a patent, a stay for purposes of re-examination is within the district court's discretion. See, e.g., Patlex Corp. v. Mossinghoff, 758 F.2d 594, 603 (Fed. Cir. 1985). One court in this district has noted that there is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of re-examination or re-issuance proceedings,

3

especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

In determining whether to stay this case pending re-examination, the Court considers the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. In re Cygnus Telecomm. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005). The factors here weigh in favor of a stay.

1. Stage of Proceedings

This case is in its earliest stages. It was filed five months ago; no discovery has been initiated and no trial date set. Plaintiff's only rejoinder is that the procedural posture of this case does not mandate a stay. This is true, but it is a factor that weighs heavily in favor of a stay. As stated in a case Plaintiff cites, "Courts which have denied stays pending re-examination of the patent's validity have generally done so where the request for re-examination came late in the litigation proceedings, after extensive discovery or trial preparation." Gladish v. Tyco Toys, Inc., 29 U.S.P.Q.2d 1718, 1719 (E.D. Cal. 1993).

2. Simplification

Defendant argues that a stay of this case pending re-examination will simplify this case. It notes the Cygnus

4

court's findings that:

> there is little question that a stay would "simplify the issues in question and trial of the case." If the USPTO cancels any of the 21 claims asserted in the two patents, infringement and validity issues that could potentially be raised in any of the multiple litigations consolidated before this court would be resolved. For those claims that survive the reexamination, this court may have a richer prosecution history upon which to base necessary claim construction determinations or reconsideration.

385 F. Supp. 2d at 1024.

Plaintiff, however, responds that a stay will not necessarily simplify the issues, in part, because Defendant asserts a declaratory judgment counterclaim that the '788 patent is invalid under 35 U.S.C. §§ 102, 103 and 112, and the re-examination proceeding only addresses invalidity under sections 102 and 103. The re-examination proceeding will not address section 112, nor will it address Plaintiff's claims of infringement. But, as Defendant notes, the re-examination proceeding will address the central issue in this case: the scope of the claims of the '788 patent. If the claims are canceled, this case can be dismissed; if the claims are amended, the scope of Plaintiff's patent rights will be narrowed, resulting in simplification of the case and any possible trial. Furthermore, because the patent examiner rejected all ten claims and told Plaintiff that "addition limitations would be constructive in distinguishing the claims over the prior art," cancellation or amendment of the claims is very likely.

Plaintiff cites <u>Gladish</u>, but that case is inapposite. As Defendant notes, the facts here are not at all similar to the facts in <u>Gladish</u>. In <u>Gladish</u>, the court found that re-examination

5

proceedings would not resolve all the issues in the litigation: Unless all claims of the patent were cancelled, validity would still remain an issue because not all of the prior references in the case were being considered by the Patent Office; issues of infringement and whether the case was exceptional entitling the defendants to attorneys' fee also remained.  29 U.S.P.Q.2d at 1720. But the court denied the stay, sought by the plaintiff, for other reasons not present here:

> Plaintiff chose this forum, forced Tyco to expend time and money in responding to a motion for preliminary injunction and a motion for sanctions, and now, after the litigation has progressed almost a year and Tyco's discovery efforts are bearing fruit, seeks reexamination of his patent based on prior references known to plaintiff since April of 1992.  Plaintiff has not set out a case of hardship should the stay be denied.  Under the circumstances, the court concludes that the issuance of a stay would be unfair to defendants.

Id.  Thus, the Court finds that this factor too weighs in favor of a stay pending re-examination.

    3.  Undue Prejudice or Clear Tactical Disadvantage

Defendant asserts that, although a stay will dely discovery and the trial date in this case, Plaintiff will not be unduly prejudiced.  Plaintiff disagrees.  It notes that re-examination is a lengthy process.  The court in Cygnus found that re-examinations generally take from six months to three years.  385 F. Supp. 2d at 1023.  Plaintiff argues that Defendant and others may continue to infringe the '788 patent while it waits for the Patent Office to complete the re-examination; it notes that it has licensed the technology in question to several companies and delaying this action may detrimentally affect sales by its licensees and

6

subsequent attempts to license the technology to others.  This does not show that a stay would unduly prejudice Plaintiff or present a clear tactical disadvantage to Plaintiff.  More than possible prejudice is required.

A stay will not prevent Plaintiff from later recovering for past infringement or seeking an injunction to prevent future infringement.  Defendant notes that a pending re-examination proceeding where all ten claims stand rejected could have a negative effect on Plaintiff's ability to license the technology, but this negative effect would exist with or without a stay.  The stay may prejudice Plaintiff and its licensees who may be adversely affected, but Plaintiff makes no showing that it would be unduly prejudiced by the stay.  Nor does Plaintiff make any argument or present any evidence to show that the stay would result in a clear tactical disadvantage.

Thus, the Court finds that this factor, like the two other factors, weighs in favor of a stay pending re-examination.

4.  ITC Proceedings

Plaintiff argues that there is no need for the Court to consider Defendant's motion at this time; instead, Plaintiff proposes that the Court accept its consent to a stay based on the ITC complaint and prospective availability of 28 U.S.C. § 1659, which provides for a stay in civil actions involving parties that are also parties to a proceeding before the ITC.  But, as Defendant notes, the stay can be invoked only by "a party to the civil action that is also a respondent in the proceeding before" the ITC.  28 U.S.C. § 1659(a).  Plaintiff is not the respondent in that action;

7

1  thus, the Court cannot grant Plaintiff's request to stay this
2  action under section 1659.  Plaintiff's argument that relying upon
3  its consent to a stay based on the ITC action quickly resolves the
4  stay issue before this Court is without merit.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Stay Pending Reexamination (Docket No. 19).  The Court stays this action until further order of the Court or a re-examination determination, whichever occurs first.  A case management conference will be held on September 8, 2006 at 1:30 p.m. unless the parties notify the Court earlier that the re-examination has concluded.

IT IS SO ORDERED.

Dated: 1/17/06



CLAUDIA WILKEN
United States District Judge

8